IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

MANAGING MEMBERS OF EDGEWOOD MHP PARTNERS, LLC.;
WEST COAST INVESTMENT GROUP, LLC.;
CHRISTOPHER J. LUND;
MARGARET MARY MAHON,

    Plaintiffs,

vs.                                      No. 18-2256-TLP-dkv

NON-MANAGING MEMBERS OF EDGEWOOD MHP
PARTNERS, LLC.,
*et al.*,

    Defendants.

REPORT AND RECOMMENDATION TO DENY PLAINTIFF MARGARET MARY MAHON'S
MOTION TO PROCEED *IN FORMA PAUPERIS*
AND
REPORT AND RECOMMENDATION TO ORDER CHRISTOPHER J. LUND TO FILE A
PROPERLY COMPLETED *IN FORMA PAUPERIS* AFFIDAVIT OR PAY THE CIVIL
FILING FEE
AND
REPORT AND RECOMMENDATION TO DISMISS CLAIMS BROUGHT ON BEHALF OF WEST
COAST INVESTMENT GROUP, LLC

On April 16, 2018, the plaintiffs, Managing Members of Edgewood MHP Partners, LLC; West Coast Investment Group, LLC ("WCIG"); Christopher J. Lund ("Lund"); and Margaret Mary Mahon ("Mahon"), proceeding *pro se*, filed a joint civil complaint against Non-managing Members of Edgewood MHP Partners, LLC, and twenty-one other defendants.[1] (ECF No. 1.) On June 12, 2018, the same three

---

[1]Managing Members of Edgewood MHP Partners, LLC is not an entity and has no legal status, but is instead a descriptive term used in

plaintiffs filed an amended complaint against Non-managing Members of Edgewood MHP Partners, LLC, which consists of the following defendants: Dennis Dudley, Kristin Dudley, Pumpernickle Properties, LLC, Mary Virginia Lodge, Victoria Lodge, Property Buyers, LLC, Donald Stapp, and Marcus Summa ("MHP Defendants").  (Am. Compl. 10-11, ECF No. 7.)  Also included as defendants but not listed under the title "Non-Managing Members of Edgewood MHP Partners, LLC", were Shirley A. Paul, Karen Hern, Susan Pascual, Belinda Savage, IRA Services Trust Co., Sharp Health, Southern California GI & Liver Centers, Tarek Hassanein, Bank of America Corporation, Sun Trust Bank, Barbara K. Cergavaske, Jane Doe Hesse, and Julie Hesse.  (*Id.* at 11-13.)  Mahon filed an application and affidavit for leave to proceed *in forma pauperis* on April 16, 2018.  (ECF No. 2.)  This case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate.  (Admin. Order 2013-05, Apr. 29, 2013.)

Federal law provides that the clerk of each district court shall require parties instituting any civil action, suit or proceeding in such court, whether by original process, removal or otherwise, to pay a filing fee of $400.  28 U.S.C. ' 1914(a).[2]  To ensure access

---

the complaint referring to the remaining three plaintiffs: WCIG, Lund, and Mahon.  (Am. Compl. ¶ 1, ECF No. 7.)

[2]Twenty-eight U.S.C. § 1914(a) requires a civil filing fee of

to the courts, however, 28 U.S.C. ' 1915(a) permits an indigent plaintiff to avoid payment of filing fees by filing an *in forma pauperis* affidavit.  Under that section, the court must conduct a satisfactory inquiry into the plaintiff's ability to pay the filing fee and prosecute the lawsuit.  A plaintiff seeking *in forma pauperis* standing must respond fully to the questions on the *in forma pauperis* form and execute the affidavit, under penalty of perjury, in compliance with the certification requirements contained in 28 U.S.C. ' 1746.

The *in forma pauperis* affidavit submitted by Mahon indicates that her legal residence is Coronado, CA.  (ECF No. 2.)  However, in her amended complaint Mahon states that she is a "permanent citizen of the State of New York with an intent to return from her temporary residence in the State of California to her residence located at 1459 Kenmore Avenue, Kenmore, New York 14217 and/or her residence located at 777 North MacQuesten Parkway, Mount Vernon, New York 10552, where she maintains her driver license, is registered to vote and pays state income taxes."  (Am. Compl. 10, ECF No. 7.)  Mahon does not list either of the New York properties on her *in forma pauperis* affidavit as real estate assets or as properties for which she pays rent.  Mahon

---

$350.  However, pursuant to § 1914(b), "[t]he clerk shall collect from the parties such additional fees only as are prescribed by the Judicial Conference of the United States."  The Judicial Conference has prescribed, effective May 1, 2013, an additional administrative fee of $50 for filing any civil case, except for cases in which the plaintiff is granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915.

has submitted inconsistent information or false information to the court in her *in forma pauperis* affidavit. Based on this inconsistent and/or false information and incomplete answers set forth in the current *in forma pauperis* affidavit, the affidavit does not satisfy Mahon's burden of demonstrating that she is unable to pay the civil filing fee.

Accordingly, it is recommended that Mahon be ordered to submit, within thirty (30) days of the court's order, the $400 civil filing fee or a properly completed, signed, accurate and truthful application to proceed *in forma pauperis*. It is also recommended that she be warned that failure to comply with the court's order in a timely manner will result in dismissal of this action without further notice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute.

Christopher Lund is also listed as a plaintiff and signed the amended complaint submitted on June 12, 2018. (ECF No. 7.) Lund did not pay the filing fee or submit an application to proceed *in forma pauperis*. It is recommended that Lund be ordered to submit, within thirty (30) days of the court's order, his own *in forma pauperis* affidavit or pay the civil filing fee. It is also recommended that should Lund fail to comply with the court's order, the court will dismiss the complaint as to him without prejudice, pursuant to Federal Rule of Civil Procedure 41(b), for failure to prosecute.

The last plaintiff listed in the amended complaint is WCIG, described as a "limited liability corporation formed in the State of Oregon." (Am. Compl. 10, ECF No. 7.) Federal law specifies that cases in the courts of the United States may be conducted only by the parties personally or through counsel. 28 U.S.C. § 1654. The applicable statute provides that "[i]n all courts of the United States, the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." *Id.* The federal courts have long held that Section 1654 preserves a party's right to proceed *pro se*, but only on his own claims, which does not include claims of artificial entities, such as corporations, partnerships, associations, or limited liability corporations; only a licensed attorney may represent others. *See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201-03 (1993)(holding that artificial entities, such as corporations, partnerships, or associations, may only appear in federal court through a licensed attorney); *United States v. 9.19 Acres of Land*, 416 F.2d 1244, 1245 (6th Cir. 1969)("28 U.S.C. § 1654 . . . has been uniformly construed to mean that a corporation cannot appear otherwise than through an attorney"). The Sixth Circuit considers this issue one of lack of standing. *See Oliver v. Pogats*, No. 91-1717, 1992 WL 76951, at *1 (6th Cir. Apr. 13, 1992). Lack of standing implicates the case-or-controversy requirement of Article III, *see Lujan v.*

*Defenders of Wildlife*, 504 U.S. 555, 560 (1992), and, therefore, is a threshold issue in every federal case. *See Midwest Media Prop. L.L.C. v. Symmes Twp., Ohio*, 503 F.3d 456, 469-70 (6th Cir. 2007).

Here, Lund and Mahon may proceed *pro se* but only on their own claims; they do not have standing to represent WCIG. Further, Lund and Mahon cannot rest their claims to relief on the legal rights or interests of the third party named as a plaintiff but may assert only their own legal rights and interests. *See Greater Cincinnati Coalition v. City of Cincinnati*, 56 F.3d 710, 718 (6th Cir. 1995). Therefore, the court recommends that any claims brought by Lund and Mahon on behalf of WCIG be dismissed. If WCIG were to bring further claims, they must be brought through a licensed attorney and accompanied by the $400 civil filing fee.[3]

Respectfully submitted this 26th day of June, 2018.

s/Diane K. Vescovo
DIANE K. VESCOVO
UNITED STATES MAGISTRATE JUDGE

NOTICE

Within fourteen (14) days after being served with a copy of this report and recommended disposition, a party may serve and file written objections to the proposed findings and recommendations. A party may respond to another party's objections within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b)(2).

---

[3] "Only a natural person may qualify for treatment *in forma pauperis* under 28 U.S.C. § 1915(a)." *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 194 (1993).

Failure to file objections within fourteen (14) days may constitute a waiver of objections, exceptions, and further appeal.