IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

MANAGING MEMBERS OF EDGEWOOD MHP PARTNERS,
LLC.;
WEST COAST INVESTMENT GROUP, LLC.;
CHRISTOPHER J. LUND;
MARGARET MARY MAHON,

       Plaintiffs,

vs.                                               No. 18-2256-TLP-dkv

NON-MANAGING MEMBERS OF EDGEWOOD MHP
PARTNERS, LLC.,
*et al.*,

       Defendants.

SUPPLEMENTAL REPORT AND RECOMMENDATION

On April 16, 2018, the plaintiffs, Managing Members of Edgewood MHP Partners, LLC, West Coast Investment Group, LLC ("WCIG"), Christopher J. Lund ("Lund"), and Margaret Mary Mahon ("Mahon"), proceeding *pro se*, filed a joint civil complaint against Non-managing Members of Edgewood MHP Partners, LLC, and twenty-one other defendants.[1]  (ECF No. 1.)  On June 12, 2018, the same three plaintiffs filed an amended complaint against Non-managing Members of Edgewood MHP Partners, LLC, which consists of the following defendants: Dennis Dudley, Kristin Dudley, Pumpernickle Properties,

_____

[1]Managing Members of Edgewood MHP Partners, LLC is not an entity and has no legal status, but is instead a descriptive term used in the complaint referring to the remaining three plaintiffs, WCIG, Lund, and Mahon.  (Am. Compl. ¶ 1, ECF No. 7.)

LLC, Mary Virginia Lodge, Victoria Lodge, Property Buyers, LLC, Donald Stapp, and Marcus Summa ("MHP Defendants"). (ECF No. 7.) Also included as defendants but not listed under the title "Non-Managing Members of Edgewood MHP Partners, LLC" were Shirley A. Paul, Karen Hern, Susan Pascual, Belinda Savage, IRA Services Trust Co., Sharp Health, Southern California GI & Liver Centers, Tarek Hassanein, Bank of America Corporation, Sun Trust Bank, Barbara K. Cergavaske, Jane Doe Hesse, and Julie Hesse. (*Id.*) This case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate. (Admin. Order 2013-05, Apr. 29, 2013.)

Along with the filing of the complaint, Mahon and Lund filed a joint application to proceed *in forma pauperis*. (ECF No. 2.) In a Report and Recommendation dated June 26, 2018, the court recommended Mahon's application to proceed *in forma pauperis* be denied and that she be directed to pay the civil filing fee or file a properly completed, signed, accurate, and truthful application to proceed *in forma pauperis* within thirty days of the date of an order adopting the Report and Recommendation. (R. & R. 4, ECF No. 8.) In the same Report and Recommendation, this court recommended that Lund be required to file his own application to proceed *in forma pauperis*. (*Id.*) This court further recommended that all claims brought by Mahon and Lund on behalf of WCIG be dismissed because

they cannot represent WCIG.  (*Id.* at 6.)  Only a licensed attorney may represent WCIG.  *See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201-03 (1993)(holding that artificial entities, such as corporations, partnerships, or associations, may only appear in federal court through a licensed attorney); *United States v. 9.19 Acres of Land*, 416 F.2d 1244, 1245 (6th Cir. 1969)("28 U.S.C. § 1654 . . . has been uniformly construed to mean that a corporation cannot appear otherwise than through an attorney.").  No attorney has entered an appearance for WCIG, and there were no objections filed to the Report and Recommendation.

Both Mahon and Lund paid the filing fee on July 10, 2018.  (ECF Nos. 9, 10.)  On July 23, 2018, Mahon and Lund sent a letter directly to the undersigned magistrate judge which has been docketed as ECF No. 11.  In the letter, Mahon and Lund request that WCIG be allowed to remain a party until an attorney is hired to represent WCIG. (Letter 2, ECF No. 11.)

Local Rule 83.6 prohibits *ex parte* communications with a judge, law clerks, or supporting personnel about a pending matter.  (LR 83.6.)  Mahon and Lund are hereby ordered not to communicate about a pending matter with the court or court personnel directly by letters, emails, phone calls, or otherwise.  The court will not consider any letters, emails, copies of letters or other forms of communication, or documents other than proper pleadings, memoranda, and appropriate attachments thereto as authorized by the

Federal Rules of Civil Procedure and the Local Rules of Court, filed with the Clerk of Court, and docketed in the appropriate case.

Because no attorney has entered an appearance on behalf of WCIG, it is recommended that all claims brought by Mahon and Lund on behalf of WCIG be dismissed immediately as recommended previously. As to the claims brought by Mahon and Lund, it is recommended that Mahon and Lund be ordered to file a true and accurate second amended complaint within thirty days setting forth only claims brought on their behalf. *See Benson v. O'Brian*, 179 F.3d 1014, 1015 (6th Cir. 1999); *Apple v. Glenn*, 183 F.3d 477, 478 (6th Cir. 1999)(per curiam)("[A] district court may not *sua sponte* dismiss a complaint where the filing fee has been paid unless the court gives the plaintiff the opportunity to amend the complaint.").

It is further recommended that Mahon and Lund be directed upon the filing of a proper second amended complaint to present the Clerk with the required number of properly completed summonses.[2] If the summonses are in proper form and the second amended complaint has been filed, the Clerk shall sign, seal, and issue them to Mahon and Lund for service on the defendants. Mahon and Lund are responsible for ensuring that service is effected on the defendants pursuant to Rule 4 of the Federal Rules of Civil Procedure. Mahon

---

[2]Blank, unsigned summons forms can be obtained from the Clerk upon written request. Any such request should include a copy of this order. Pursuant to Fed. R. Civ. P. 4(b), the plaintiffs are responsible for properly filling out the summonses and presenting them to the Clerk for signature and seal.

and Lund shall file proof of service pursuant to Fed. R. Civ. P. 4(1).

Mahon and Lund shall serve a copy of every document filed in this cause on the attorneys for the defendants. Mahon and Lund shall make a certificate of service on every document filed. Mahon and Lund shall familiarize themselves with the Federal Rules of Civil Procedure and this Court's local rules.[3]

Mahon and Lund shall promptly notify the Clerk of any change of address or extended absence. Mahon and Lund are warned that failure to comply with these requirements, or any other order of the Court, may result in the dismissal of this case without further notice.

Respectfully submitted this 31st day of July, 2018.


                                        s/Diane K. Vescovo
                                        _____
                                        DIANE K. VESCOVO
                                        UNITED STATES MAGISTRATE JUDGE


                              NOTICE

Within fourteen (14) days after being served with a copy of this report and recommended disposition, a party may serve and file written objections to the proposed findings and recommendations. A party may respond to another party's objections within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Failure to file objections within fourteen (14) days may constitute a waiver of objections, exceptions, and further appeal.

_____

[3]A free copy of the Local Rules may be obtained from the Clerk. The Local Rules are also available on the Court's website.