IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

MANAGING MEMBERS OF EDGEWOOD MHP PARTNERS,
LLC.; CHRISTOPHER J. LUND; and
MARGARET MARY MAHON,

    Plaintiffs,

vs.                                                            No. 18-2256-TLP-dkv

NON-MANAGING MEMBERS OF EDGEWOOD MHP
PARTNERS, LLC.,
*et al.,*

    Defendants.

_____

REPORT AND RECOMMENDATION FOR DISMISSAL
_____

On April 16, 2018, the plaintiffs, Managing Members of Edgewood MHP Partners, LLC; West Coast Investment Group, LLC ("WCIG"); Christopher J. Lund ("Lund"); and Margaret Mary Mahon ("Mahon") (collectively, "the plaintiffs"), proceeding *pro se*, filed a joint civil complaint against Non-Managing Members of Edgewood MHP Partners, LLC, and twenty-one other defendants.[1] (ECF No. 1.) On June 12, 2018, the same three plaintiffs filed an amended complaint against Non-Managing Members of Edgewood MHP Partners, LLC, which consists of the following defendants:

_____

[1] West Coast Investment Group, LLC ("WCIG") was also a plaintiff but has since been dismissed. (ECF No. 17.) Managing Members of Edgewood MHP Partners, LLC is not an entity and has no legal status but is instead a descriptive term used in the complaint referring to WCIG, Lund, and Mahon. (Am. Compl. ¶ 1, ECF No. 7.)

Dennis Dudley; Kristin Dudley; Pumpernickle Properties, LLC; Mary Virginia Lodge; Victoria Lodge; Property Buyers, LLC; Donald Stapp; and Marcus Summa (collectively, "MHP Defendants"). (Am. Compl. 10-11, ECF No. 7.) Also included as defendants, but not listed under the title "Non-Managing Members of Edgewood MHP Partners, LLC," were Shirley A. Paul, Karen Hern, Susan Pascual, Belinda Savage, IRA Services Trust Co., Sharp Health, Southern California GI & Liver Centers, Tarek Hassanein, Bank of America Corporation, Sun Trust Bank, Barbara K. Cergavaske, Jane Doe Hesse, and Julie Hesse. (*Id.* at 11-13.) On September 4, 2018, the plaintiffs filed their Second Amended Complaint, which included The Watkins Firm, APC ("Watkins"), as a defendant. (Second Am. Compl. 9, ECF No. 41.) This case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate. (Admin. Order 2013-05, Apr. 29, 2013.)

On September 27, 2018, the defendant, Karen Hern, CPA (without submitting to the jurisdiction of this court), filed a motion pursuant to Rules 12(b)(1), 12(b)(2), 12(b)(3), 12(b)(4) and 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss the Second Amended Complaint in its entirety against Hern for (1) lack of subject-matter jurisdiction; (2) lack of personal jurisdiction; (3) improper venue; (4) insufficient service of process; (5) failure to state a claim upon which relief can be granted; and (6) statute of limitation grounds. (ECF No. 48.)

According to the certificate of service, the plaintiffs were served with the motion on September 27, 2018, through the court's electronic filing system and through the United States Mail.  (*Id.*)  The plaintiffs did not timely respond to the motion.  On November 8, 2018, the plaintiffs were ordered to show cause as to why this case should not be dismissed for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and why Hern's motion should not be granted.  (ECF No. 71.)  The plaintiffs were warned that failure to respond to the show cause order and to respond to the motion may result in dismissal of this action without further notice.  (*Id.*)

On September 27, 2018, the defendant, Watkins (without submitting to the jurisdiction of this court), filed a motion pursuant to Rules 8, 9, 10(b), 12(b)(1), 12(b)(2), 12(b)(3), and 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss the Second Amended Complaint in its entirety against Watkins for (1) "failure to state a plausible and non-speculative claim for relief"; (2) "failure to plead with particularity as to any fraud claims"; (3) failure to conform to the form of pleadings required under Rule 10(b); (4) lack of Article III standing; (5) lack of subject-matter jurisdiction; (6) lack of personal jurisdiction; (7) improper venue; and (8) failure to state a claim upon which relief can be granted, or in the alternative, for a more definite statement under Rule 12(e).  (ECF No. 49.) According to the certificate of service, the plaintiffs were

3

served with the motion on September 27, 2018, through the Court's electronic filing system and through the United States Mail. (*Id.*) The plaintiffs did not timely respond to the motion. On November 8, 2018, the plaintiffs were ordered to show cause as to why this case should not be dismissed for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and why Watkins's motion should not be granted. (ECF No. 74.) The plaintiffs were warned that failure to respond to the show cause order and to respond to the motion may result in dismissal of this action without further notice. (*Id.*)

On September 27, 2018, the defendant, Shirley A. Paul (without submitting to the jurisdiction of this court), filed a motion pursuant to Rules 8, 9, 10(b), 12(b)(1), 12(b)(2), 12(b)(3), and 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss the Second Amended Complaint in its entirety against Paul for (1) "failure to state a plausible and non-speculative claim for relief"; (2) "failure to plead with particularity as to any fraud claims"; (3) failure to conform to the form of pleadings required under Rule 10(b); (4) lack of Article III standing; (5) lack of subject-matter jurisdiction; (6) lack of personal jurisdiction; (7) improper venue; and (8) failure to state a claim upon which relief can be granted, or in the alternative, for a more definite statement under Rule 12(e). (ECF No. 50.) According to the certificate of service, the plaintiffs were served with the motion on September 27, 2018,

4

through the Court's electronic filing system and through the United States Mail. (*Id.*) The plaintiffs did not timely respond to the motion. On November 9, 2018, the plaintiffs were ordered to show cause as to why this case should not be dismissed for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and why Paul's motion should not be granted. (ECF No. 76.) The plaintiffs were warned that failure to respond to the show cause order and to respond to the motion may result in dismissal of this action without further notice. (*Id.*)

On October 4, 2018, the defendant, Sharp HealthCare ("Sharp") (without submitting to the jurisdiction of this court), filed a motion pursuant to Rules 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss the Second Amended Complaint in its entirety against Sharp for (1) lack of personal jurisdiction and (2) failure to state a claim upon which relief can be granted. (ECF No. 53.) According to the certificate of service, the plaintiffs were served with the motion on October 4, 2018, through the Court's electronic filing system and through the United States Mail. (*Id.*) The plaintiffs did not timely respond to the motion. On November 8, 2018, the plaintiffs were ordered to show cause as to why this case should not be dismissed for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and why Sharp's motion should not be granted. (ECF No. 73.) The plaintiffs were warned that failure to respond to the show cause

order and to respond to the motion may result in dismissal of this action without further notice. (*Id.*)

On October 9, 2018, the defendant, Julie Hesse (without submitting to the jurisdiction of this court), filed a motion pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, to dismiss the Second Amended Complaint in its entirety against Hesse for lack of personal jurisdiction. (ECF No. 55.) According to the certificate of service, the plaintiffs were served with the motion on October 9, 2018, through the Court's electronic filing system and through the United States Mail. (*Id.*) The plaintiffs did not timely respond to the motion. On November 8, 2018, the plaintiffs were ordered to show cause as to why this case should not be dismissed for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and why Hesse's motion should not be granted. (ECF No. 72.) The plaintiffs were warned that failure to respond to the show cause order and to respond to the motion may result in dismissal of this action without further notice. (*Id.*)

On October 10, 2018, the MHP Defendants (without submitting to the jurisdiction of this court), filed a motion pursuant to Rules 8, 9, 12(b)(1), 12(b)(2), 12(b)(3), and 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss the Second Amended Complaint in its entirety against the MHP Defendants for (1) "failure to state a plausible and non-speculative claim for relief"; (2) "failure to plead with particularity as to any

6

fraud claims"; (3) lack of Article III standing; (4) lack of subject-matter jurisdiction; (5) lack of personal jurisdiction; (6) improper venue; and (7) failure to state a claim upon which relief can be granted.  (ECF No. 56.)  According to the certificate of service, the plaintiffs were served with the motion on October 10, 2018, through the Court's electronic filing system and through the United States Mail.  (*Id.*)  The plaintiffs did not timely respond to the motion.  On November 9, 2018, the plaintiffs were ordered to show cause as to why this case should not be dismissed for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and why the MHP Defendants' motion should not be granted.  (ECF No. 75.)  The plaintiffs were warned that failure to respond to the show cause order and to respond to the motion may result in dismissal of this action without further notice.

On November 21, 2018, Christopher Lund forwarded a pleading to the clerk of court titled "Notice of Motion to Extend Plaintiffs Time to Respond to Defendants Motions to Dismiss and Orders to Show Cause" to be docketed.  (ECF No. 77.)  The "motion" was not signed by either of the plaintiffs.  The "motion" requests that the plaintiffs receive an additional sixty (60) days to respond to the Court's show cause order and various motions filed by the defendants.  The "motion" asserts that Margaret Mary Mahon was diagnosed with systemic lupus erythematosus in 1980; was in a motor vehicle accident in 1987; sustained neurological damage at some unknown time when she fell

7

at Edgewood; has undergone four surgeries on her pancreas prior to June 26, 2018; was hospitalized during the spring of 2018; currently takes eighteen prescription drugs; and was hospitalized on August 23, 2018. (Plaintiffs' Motion 6-10, ECF No. 77.) No affidavit accompanied the "motion."

In an affidavit accompanying the MHP Defendants' response in opposition to the "motion," attorney Beatrice Skye Resendes asserted that both Mahon and Lund traveled to Nevada (presumably from California) and appeared in court for a hearing on October 30, 2018 in a Nevada state court. (ECF No. 78-1.)

On November 27, 2018, this court denied the plaintiffs' motion for an extension of time to respond to the court's show cause orders. (ECF No. 79.) Because the plaintiffs' motion did not include a signature or an affidavit, this court could not determine which plaintiff filed the motion. Additionally, Lund did not provide any reason why he could not timely respond to this court's show cause orders or the defendants' motions to dismiss, and the affidavit submitted by the MHP Defendants contradicted any claim that Mahon was too ill to timely respond. Further, in its order this court warned the plaintiffs that failure to respond to the show cause orders by Friday, November 30, 2018, would result in this court's recommendation of dismissal of his lawsuit for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. The plaintiffs failed to do so.

The burden is upon the plaintiff to prosecute his case. Accordingly, it is recommended that the following motions be granted pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute: (1) Hern's motion to dismiss, (ECF No. 48); (2) Watkins's motion to dismiss, (ECF No. 49); (3) Paul's motion to dismiss, (ECF No. 50); (4) Sharp's motion to dismiss, (ECF No. 53); (5) Hesse's motion to dismiss, (ECF No. 55); and (6) MHP Defendants' motion to dismiss, (ECF No. 56).

Respectfully submitted this 4th day of December, 2018.

s/Diane K. Vescovo<br>
DIANE K. VESCOVO<br>
CHIEF UNITED STATES MAGISTRATE JUDGE

NOTICE

Within fourteen (14) days after being served with a copy of this report and recommended disposition, a party may serve and file written objections to the proposed findings and recommendations. A party may respond to another party's objections within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Failure to file objections within fourteen (14) days may constitute a waiver of objections, exceptions, and further appeal.