```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE WESTERN DISTRICT OF TENNESSEE
                     WESTERN DIVISION
```
_____

MANAGING MEMBERS OF EDGEWOOD MHP PARTNERS,
LLC.; CHRISTOPHER J. LUND; and
MARGARET MARY MAHON,

    Plaintiffs,

vs.                                    No. 18-2256-TLP-dkv

SOUTHERN CALIFORNIA GI & LIVER
and DR. TAREK HASSANEIN,

    Defendants.
_____

           REPORT AND RECOMMENDATION FOR DISMISSAL
_____

On April 16, 2018, the plaintiffs, Managing Members of Edgewood MHP Partners, LLC; West Coast Investment Group, LLC ("WCIG"); Christopher J. Lund ("Lund"); and Margaret Mary Mahon ("Mahon") (collectively, "the plaintiffs"), proceeding *pro se*, filed a joint civil complaint against Non-Managing Members of Edgewood MHP Partners, LLC, and twenty-one other defendants.[1] (ECF No. 1.) On June 12, 2018, the same three plaintiffs filed an amended complaint against Non-Managing Members of Edgewood MHP Partners, LLC, which consists of the following defendants: Dennis Dudley; Kristin Dudley; Pumpernickle Properties, LLC;

---

[1] West Coast Investment Group, LLC ("WCIG") was also a plaintiff but has since been dismissed. (ECF No. 17.) Managing Members of Edgewood MHP Partners, LLC is not an entity and has no legal status but is instead a descriptive term used in the complaint referring to WCIG, Lund, and Mahon. (Am. Compl. ¶ 1, ECF No. 7.)

Mary Virginia Lodge; Victoria Lodge; Property Buyers, LLC; Donald Stapp; and Marcus Summa (collectively, "MHP Defendants"). (Am. Compl. 10-11, ECF No. 7.)  Also included as defendants, but not listed under the title "Non-Managing Members of Edgewood MHP Partners, LLC," were Shirley A. Paul, Karen Hern, Susan Pascual, Belinda Savage, IRA Services Trust Co., Sharp Health, Southern California GI & Liver Centers, Tarek Hassanein, Bank of America Corporation, Sun Trust Bank, Barbara K. Cergavaske, Jane Doe Hesse, and Julie Hesse.  (*Id.* at 11-13.)  On September 4, 2018, the plaintiffs filed their Second Amended Complaint, which included The Watkins Firm, APC ("Watkins"), as a defendant. (Second Am. Compl. 9, ECF No. 41.)  This case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate.  (Admin. Order 2013-05, Apr. 29, 2013.)

On November 21, 2018, Christopher Lund forwarded a pleading to the clerk of court titled "Notice of Motion to Extend Plaintiffs Time to Respond to Defendants Motions to Dismiss and Orders to Show Cause" to be docketed.  (ECF No. 77.)  The "motion" was not signed by either of the plaintiffs and requested that the plaintiffs receive an additional sixty (60) days to respond to this court's show cause orders and various motions filed by the defendants.  (*Id.*)

On November 27, 2018, this court denied the plaintiffs' motion for an extension of time to respond to the court's show

cause orders and warned the plaintiffs that failure to respond by Friday, November 30, 2018, would result in this court's recommendation of dismissal of his lawsuit for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.  (ECF No. 79.)  The plaintiffs failed to do so. Accordingly, on December 4, 2018, this court recommended that the following motions be granted pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute: (1) Hern's motion to dismiss, (ECF No. 48); (2) Watkins Firm's motion to dismiss, (ECF No. 49); (3) Paul's motion to dismiss, (ECF No. 50); (4) Sharp's motion to dismiss, (ECF No. 53); (5) Hesse's motion to dismiss, (ECF No. 55); and (6) MHP Defendants' motion to dismiss, (ECF No. 56).

On December 12, 2018, the plaintiffs filed a notice of voluntary dismissal with prejudice of Defendant Bank of America, (ECF No. 83), and a notice of voluntary dismissal without prejudice of Defendants Belinda Savage, SunTrust Bank, Barbara K. Cergavaske, and Jane Doe Hesse, (ECF No. 84).  On December 18, 2018, the presiding district judge entered an order dismissing Bank of America with prejudice pursuant to Rule 41, (ECF No. 86), and an order dismissing Belinda Savage, SunTrust Bank, Barbara K. Cergavaske, and Jane Doe Hesse without prejudice pursuant to Rule 41, (ECF No. 85).  On December 19, 2018, the presiding district judge adopted this court's December 4, 2018 report and recommendation, resulting in the dismissal with prejudice of Karen Hern, The Watkins Firm, Shirley A. Paul,

3

Sharp HealthCare, Julie Hesse, and the MHP Defendants. (ECF No. 87.) Accordingly, the only remaining defendants in this suit are Southern California GI & Liver ("SCGL") and Dr. Tarek Hassanein.

On October 31, 2018, the defendants SCGL and Dr. Tarek Hassanein (without submitting to the jurisdiction of this court), filed a motion pursuant to Rules 12(b)(2), 12(b)(3), and 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss the Second Amended Complaint in its entirety against the SCGL and Dr. Hassanein for (1) lack of personal jurisdiction, (2) improper venue, and (3) failure to state a claim upon which relief can be granted. (Mot. to Dismiss 1–2, ECF No. 66.) According to the certificate of service, the plaintiffs were served with the motion on October 31, 2018, through the court's electronic filing system. (*Id.*) The plaintiffs did not timely respond to the motion.

On December 3, 2018, the plaintiffs were ordered to show cause by December 18, 2018 as to why this case should not be dismissed for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and why SCGL and Dr. Hassanein's motion should not be granted. (ECF No. 81.) The plaintiffs were warned that failure to respond to the show cause order and to respond to the motion may result in dismissal of this action without further notice. (*Id.*) The plaintiffs failed to do so.

The burden is upon the plaintiff to prosecute his case. Accordingly, it is recommended that SCGL and Dr. Hassanein's motion to dismiss with prejudice, (ECF No. 66), be granted and that the plaintiffs' complaint be dismissed in its entirety pursuant to Rule 41(b) for failure to prosecute.

Respectfully submitted this 19th day of December, 2018.

s/Diane K. Vescovo<br>DIANE K. VESCOVO<br>CHIEF UNITED STATES MAGISTRATE JUDGE

NOTICE

Within fourteen (14) days after being served with a copy of this report and recommended disposition, a party may serve and file written objections to the proposed findings and recommendations.  A party may respond to another party's objections within fourteen (14) days after being served with a copy.  Fed. R. Civ. P. 72(b)(2).  Failure to file objections within fourteen (14) days may constitute a waiver of objections, exceptions, and further appeal.